Filed 7/1/13  Whiteford v. Burrows CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO


| | |
|---|---|
| ERICH WHITEFORD et al., | |
| Plaintiffs and Appellants, | E056100 |
| v. | (Super.Ct.No. CIVVS806834) |
| DALE BURROWS, | **OPINION** |
| Defendant and Respondent. | |


APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Erich Whiteford and Cheryl Whiteford, in pro. per., for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

On November 18, 2008, plaintiffs and appellants Erich and Cheryl Whiteford filed a civil complaint against defendant and respondent Dale Burrows.  The case was tried by the court on January 27, 2012.  The trial court found plaintiffs failed to prove their case and ordered judgment for defendant.  Plaintiffs appeal.

# I

## THE APPELLATE RECORD

Plaintiffs have elected to appeal without a reporter's transcript. The appellate form (APP-3) notified them that "without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in determining whether an error was made in the superior court proceedings."

The same form instructed plaintiffs that certain required documents would be included in the clerk's transcript. In designating additional documents to be included in the clerk's transcript, plaintiffs designated their trial brief, their 17 trial exhibits, and an exhibit submitted by defendant. They did not designate the complaint or any other documents.

# II

## THE STATEMENT OF DECISION

Since the record is inadequate, we obtain the facts of the case from the trial court's three-page statement of decision. The court gave the following background: "The second amended complaint filed May 20, 2009, alleges three causes of action: breach of contract, breach of statutory obligations (Civil Code, § 2943) and cancellation of instrument. In order to prevail on the complaint, plaintiff must prove each element of a cause of action by a preponderance of the evidence. Defendant's answer was filed on June 18, 2009. [¶] The court trial began and concluded on January 27, 2012. Plaintiffs were represented by Rollin Rauschi. Defendant represented herself. All parties testified;

there were no other witnesses.  Exhibits 1-17 were admitted into evidence.  After closing argument, the court took the matter under submission."

The court then discussed the evidence and found that plaintiffs had not met their burden of proving the allegations of each cause of action and ordered judgment in defendant's favor.

## III

## ISSUES ON APPEAL

Plaintiffs present three issues for review:  (1) "[w]hether the trial court erred in allowing court deputy to be present in court while no waiver of conflict of interest was signed"; (2) "[w]hether the trial court erred in appointing a new judge to overview the case at the last minute"; and (3) "[w]hether the trial judge erred in stating that sufficient evidence was not introduced to prove breach of contract or breach of statutory duty."

## IV

## DISCUSSION

A.    *The Alleged Conflict of Interest Issue.*

Plaintiffs' legal argument on the first issue states that they are related to the court deputy:  "Plaintiff's grandson is Court Deputy's grandson.  Plaintiff does not have a good relationship with Court Deputy.  Plaintiff believes that Court Deputy should have recused herself from the case knowing that she had a family relationship with Plaintiff.  This was detrimental to Plaintiffs' case as Court Deputy and Plaintiffs have a trouble [*sic*] relationship."

Of course, there is no evidence in our record that there is a family relationship,[1] that plaintiffs or their trial attorney brought any such alleged conflict to the attention of the trial court by motion or otherwise, or that the deputy influenced or attempted to influence the trial court or acted improperly in any way.[2]

Plaintiffs cite *People v. Clark* (1993) 5 Cal.4th 950 (*Clark*).[3] Defendant Clark was convicted of first degree murder and rape. He was sentenced to death. (*Clark*, at pp. 970-971.) One issue on appeal, under the heading of "Conflicts of Interest," was Clark's contention that he was deprived of effective assistance of counsel, i.e., he was entitled to counsel without a conflict of interest. (*Id.* at p. 994.)

Plaintiffs rely on a portion of that discussion that states: "'Regardless of an objection, 'even a potential conflict may require reversal if the record supports "an

---

[1] California Rules of Court, rule 8-204 states, in relevant part: "(a)(1) Each brief must . . . (C) Support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Subdivision (a)(2)(C) requires the brief to contain, "a summary of the significant facts *limited to matters in the record.*" (Italics added, fn. omitted.)

[2] The subject is not mentioned in plaintiffs' trial brief, which was filed by plaintiffs' trial attorney.

[3] Overruled in part in *People v. Doolin* (2009) 45 Cal.4th 390, which states: "We disapprove those earlier cases to the extent that they can be read to hold that attorney conflict claims under the California Constitution are to be analyzed under a standard different from that articulated by the United States Supreme Court." (*Id.* at p. 421.)

4

informed speculation" that appellant's right to effective representation was prejudicially affected. . . . [Citation.]'"**4** (*Clark*, *supra*, 5 Cal.4th at p. 995.)

Even if the relevant facts were in our record—and they are not—*Clark* would not support plaintiffs' argument. First, the case has been overruled and is therefore not good precedent. Second, the *Clark* case deals with a conflict of interest by the defendant's trial attorney. It therefore implicates Sixth Amendment law, which is inapplicable here. Third, *Clark* is a criminal case and its holding on the attorney conflict of interest issue is not generally transferrable to a civil action allegedly involving a conflict of interest by a court employee. Fourth, there is no basis in the record that would allow us, or the trial court, to make "'an informed speculation'" that "'appellant's right to effective representation was prejudicially affected.'" (*Clark*, *supra*, 5 Cal.4th at p. 995.)

In the total absence of a factual record relating to plaintiffs' conflict of interest allegations, and in view of plaintiffs' failure to cite any persuasive legal authority, we must find plaintiffs have failed to show any error on appeal.

B.      *The Substitution of Trial Judge.*

Plaintiffs argue: "Trial Court erred in appointing a new judge to the case as the Previous Judge had already heard our case and during the hearing the new judge did not

---

**4** The quote in plaintiffs' brief is different from the quote stated at the pages in *Clark*, which they cite. We quote the text of the opinion, which is on the cited pages and which includes *some* of the words quoted by plaintiffs.

seem to be paying attention to Plaintiffs' case as he seemed more concentrated on his computer."[5]

Plaintiffs do not cite any authority holding that they have a right to a trial before any particular judge. Obviously, the trial court must have flexibility in the assignment of judges in order to manage its workload. Here the record does not show any reason for any change of judges, and no error in this regard is shown.[6]

Under this heading, plaintiffs argue the trial court faulted them for not calling employees of the escrow firm as witnesses. This is true: the statement of decision emphasizes that plaintiffs did not produce sufficient evidence to show defendant caused the escrow to fail. The court noted plaintiffs did not call the potential purchaser of the property to testify why he did not complete the sale of the property. It also noted the escrow officer did not testify to explain what happened to the escrow.

Although plaintiffs contend the escrow company was out of business and the potential buyer and the escrow officer could not be found, the fact remains that they (with representation and advice from their trial attorney) had the burden of *proving* their claims. The trial court was not required to believe their testimony. In its thorough statement of decision, the trial court gave solid reasons for concluding that plaintiffs

---

[5] In some courts, testimony appears on the trial court's computer screen as the reporter records it. If this system was used in this case, plaintiffs may not have realized that the trial court was reading the testimony as it was given.

[6] During this part of their argument, plaintiffs cite the leading case on judicial misconduct, *In re Van Voorhis* (2003) 48 Cal.4th CJP Supp. 257. Suffice it to say that plaintiffs do not allege any misconduct by the trial court here, much less the truly egregious conduct that led to Judge Van Voorhis's removal from the bench.

6

failed to prove their claims. We must conclude that plaintiffs have not shown any error by the trial court.

C. *The Substantial Evidence Issues*.

Plaintiffs also contend the trial court erred by finding there was insufficient evidence of breach of contract or breach of fiduciary duty. Much of the controversy arose from defendant's alleged failure to deliver a beneficiary statement and other documents required to be delivered pursuant to Civil Code sections 2941 and 2943, subdivision (a)(2). As an alleged result of this failure, the escrow failed to close.

The trial court found plaintiffs did not pay off a note for $20,366.80, and did not make a written demand for the beneficiary statement as required by Civil Code section 2943. Although plaintiffs quote portions of Civil Code section 2943 inaccurately, they do not demonstrate how the facts of this case apply to legal requirements set out in that section.

Plaintiffs also fail to show how Civil Code sections 2941 and 2943, or either of them, were violated in this case. In short they have not carried their burden of showing the trial court made an error of law. Because of the state of the record, they cannot demonstrate there is a lack of substantial evidence to support the trial court's decision. Accordingly, we must affirm the judgment.

V

DISPOSITION

The judgment is affirmed.  Each party to bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.